NAZALIA DINI
9510 SEPULVEDA BLVD.
NORTH HILLS, CA. 91343
818-855-4555
NO FAX
NO EMAIL

FILED
CLERK, U.S. DISTRICT COURT
JUL 27 2015
CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust

Plaintiff,

vs.

NAZILA DINI DOES 1 TO 10 inclusive

Defendant

Case No.: CV15-05680-DSF(ASx)

NOTICE OF REMOVAL UNDER 28 U.S.C. 1332, 1391, 1441 (a) and 1446

SUPERIOR COURT OF CALIFORNIA CASE# LC102491

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD.

Pursuant to 28 U.S.C. 1332, 1391, 1441 (a) and 1446, the Defendant, NAZILA DINI, Pro Se, files this Notice of Removal of this case from the Superior Court of California, County of Los Angeles, to the United States District Court for the District of California. In support of this Notice of Removal, Defendant states as follows:

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about January 5th, 2015, Plaintiffs commenced an action in the Superior Court of California, in Los Angeles County against the Defendant/Cross Plaintiff. Defendant/Cross Plaintiff currently has a pending Complaint filed against the Plaintiff for Various Violations of the California Civil Code, Declaratory Relief, and/or Intentional Misrepresentation and other causes of action against the Plaintiff of this case.

2. Defendant/Counter Plaintiff's presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant/Counter Plaintiffs' claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and other pleadings or orders are Attached as Exhibit "A" and incorporated by reference.

4. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. 1331. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, Los Angeles County. See 28 U.S.C. 1441 (a).

## COMPLETE DIVERSITY OF CITIZENSHIP

6. There is complete diversity of citizenship between the parties.
    a) Plaintiff is incorporated in a state other than California and their principal places of business are located in states other than California. Thus, Plaintiff is not a citizen of California.
    b) Defendant/Counter Plaintiff is a citizen of California, residing in Los Angeles County.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

7. Plaintiffs do not quantify the amount of damages they seek to recover in this case. See complaint, Prayers for Relief. From the face of the Complaint, however, it is apparent that the amount in controversy more likely that not exceeds $75,000.00, exclusive of interest and costs.

8. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the Notice of Removal". See *Laughlin v. Kmart Corp.*, 50F.3d 871, 873 (10th Cir.), cert denied, 516 U.S. 863 (1995).

9. When the plaintiff's damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of the Complaint. *Cv. Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely that not exceed $75,000.00. See *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); Accord *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); See also *Gilmer v. The Walt Disney Co., ET all.*, 915 F. Supp. 1001, 1007 (W.D. Ark 1996).

10. Here, the amount in controversy more like that not exceeds $75,000.00 based on Plaintiff's claims, their alleged injuries and the recovery sought.

11. Defendant/Counter Plaintiff denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the documents attached hereto as Exhibit "A" demonstrate an amount in controversy in excess of $75,000.00

12. Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims

asserted in the State Court Action pursuant to 28 U.S.C. 1332, and this action properly is removable pursuant to 28 U.S.C. 1441.

13. Diversity jurisdiction further exists in this case based on the following:

   A. The Plaintiff, Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust, cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.

   B. Based on its lack of ownership of the subject property, the Plaintiff, Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust, has no standing to bring the claims set forth in their Complaint or Motion.

   C. Due to the fact that Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust, cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant/Cross Plaintiff.

14. If the party with no standing is disregarded, this Court has original jurisdiction over the action pursuant to 28 U.S.C. 1332, and this case may be removed to this Court pursuant to U.S.C. 1441 (a).

## OTHER ISSUES

15. This Notice of Removal is timely filed. See 28 U.S.C. 1446(b).

16. This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "A") will be filed in the Superior Court of California, County of Los Angeles as soon as this Notice of Removal has been filed in this Court.

17. A Copy of the complete record maintained by the Clerk of the Superior Court, County of Los Angeles, California is attached to this Notice of Removal as Exhibit "A".

## CONCLUSION

~~Because Plaintiff and Defendant are citizens of different states, and the amount in~~ controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of Los Angeles, California, Civil Action No. LC102491, be removed to this Court.

Dated: JULY 21ST, 2015

_____
NAZILA DINI, IN PRO PER

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 07-21-2015, he served a copy of

**NOTICE OF REMOVAL**

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and address shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Long Beach, California

Law Offices of Chris Evans, SBN 202135

555 South Flower Street, Suite 3400

Los Angeles, Ca. 90071

Juan Perez

EXHIBIT "A"

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |
|---|---|---|
| Chris Evans, SBN 202135<br>Kimball, Tirey & St. John LLP<br>555 South Flower Street, Suite 3400<br>Los Angeles, CA 90071 | | |
| TELEPHONE NO.: (213) 337-0050 | FAX NO.(Optional): (213) 337-0080 | |
| E-MAIL ADDRESS *(Optional):* | | |
| ATTORNEY FOR *(Name):* Plaintiff | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 6230 SYLMAR AVENUE, RM107
MAILING ADDRESS:
CITY AND ZIP CODE: VAN NUYS, CA 91401
BRANCH NAME: LOS ANGELES SUPERIOR COURT VAN NUYS / NORTHWEST DISTRICT

PLAINTIFF: Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust
DEFENDANT: Nazila Dini

[X] DOES 1 TO 10 inclusive.

JAN 05 2015

**COMPLAINT - UNLAWFUL DETAINER\***
[X] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number):* ____

CASE NUMBER: LC102491

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded  [ ] does not exceed $10,000
               [ ] exceeds $10,000 but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each):* Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust

   alleges causes of action against DEFENDANT *(name each):*
   Nazila Dini

2. a. Plaintiff is  (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
                   (2) [ ] a public agency.                            (5) [ ] a corporation.
                   (3) [ ] other *(specify):*

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
   9510 Sepulveda Boulevard,
   North Hills, Ca 91343
   County of Los Angeles

4. Plaintiff's interest in the premises is   [ ] as owner   [X] other *(specify):* Trustee
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date):* 11/1/2013             defendant *(name each):*
   Nazila Dini

   (1) agreed to rent the premises as a  [ ] month-to-month tenancy  [X] other tenancy *(specify):* 2 Years
   (2) agreed to pay rent of $ 1,620.00           payable [X] monthly  [ ] other *(specify frequency):*
   (3) agreed to pay rent on the [X] first of the month  [ ] other day *(specify):*

   b. This [X] written  [ ] oral  agreement was made with
   (1) [ ] plaintiff.                              (3) [ ] plaintiff's predecessor in interest.
   (2) [X] plaintiff's agent.                      (4) [ ] other *(specify):*

\*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT - UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™



| | |
|---|---|
| PLAINTIFF *(Name):* Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust<br>DEFENDANT *(Name):* Nazila Dini | CASE NUMBER: |

6. c. [X] The defendants not named in item 6a are
    (1) [ ] subtenants.
    (2) [ ] assignees.
    (3) [X] other *(specify):*    unknown as to Does.
  d. [X] The agreement was later changed as follows *(specify):*
    Rent adjusted to $1680 in accordance with California Law.

  e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
  f. [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant *(name each):* Nazila Dini

    was served the following notice on the same date and in the same manner:
    (1) [X] 3-day notice to pay rent or quit     (4) [ ] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit     (5) [ ] 3-day notice to quit
    (3) [ ] 60-day notice to quit     (6) [ ] Other *(specify):*
  b. (1) On *(date):* 12/22/2014     the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. [X] The notice included an election of forfeiture.
  e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*
  f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)*

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ] by personally handing a copy to defendant on *(date):*
    (2) [X] by leaving a copy with *(name or description):* Myra Rios
        a person of suitable age and discretion, on *(date):* 12/18/2014     at defendant's
        [ ] residence   [X] business AND mailing a copy to defendant at defendant's place of residence on
        *(date):* 12/18/2014     because defendant cannot be found at defendant's residence or usual place of business.
    (3) [ ] by posting a copy on the premises on *(date):*     [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date):*
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [ ] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) [X] *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.
  b. [ ] *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.



UD-100 [Rev. July 1, 2005]      **COMPLAINT - UNLAWFUL DETAINER**      Page 2 of 3

| PLAINTIFF (Name): Kwon Jae Choi and Myung Won Choi, Trustees of the Choi Family Trust | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Nazila Dini | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the **amount of rent due** was $ 21,009.68

11. ☒ The fair rental value of the premises is $ 56.00 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

    Plaintiff has met all applicable requirements of the ordinances.

15. ☒ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☒ past-due rent of $ 21,009.68
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* 01/01/2015 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☒ other *(specify):* see attachment 15. additional amounts due per lease according to proofs.

18. ☒ Number of pages attached *(specify):* 27

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ **did not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 12/29/2014

**Abrahim M. Bagheri**
**Bar# 294113**
(TYPE OR PRINT NAME) ▶ _____ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/29/2014

_____ ▶ See Attachment
(TYPE OR PRINT NAME)    (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005] **COMPLAINT - UNLAWFUL DETAINER** Page 3 of 3

Martin Dean's
ESSENTIAL FORMS™

10

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I.(a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS (Check box if you are representing yourself ☒) |
|---|---|
| Kwon Joon Choi and Myung Won Choi, Trustees of the Choi Family Trust | NAZALIA DINI |

| (b) County of Residence of First Listed Plaintiff LOS ANGELES | County of Residence of First Listed Defendant LOS ANGELES |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| CHRIS EVANS, SBN 202135<br>555 SOUTH FLOWER STREET, SUITE 3400<br>LOS ANGELES, CA. 90071 | NAZALIA DINI<br>9510 SEPULVEDA BLVD.<br>NORTH HILLS, CA. 91343<br>818-855-4555 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ UNLIMITED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332, 1391, 1441 (a), and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: CV15-05680 |
|---|---|

CV-71 (10/14)      CIVIL COVER SHEET      Page 1 of 3

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☒ Yes ☐ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☒ No | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? ☐ Yes ☒ No | D.2. Is there at least one answer in Column B? ☐ Yes ☒ No |
|---|---|
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _/s/_   DATE: 07/21/2015

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |